# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Ilirijana Sade Zettel )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>Service Financial Company )<br>*Assumed name for* )<br>River City Adjustment Bureau, Inc. )<br>    *Defendant* )<br>Serve: )<br>    David R Deatrick )<br>    2701 Lindsay Ave. )<br>    Louisville, KY 40206 )<br>_____) | Case No.   3:23CV-116-RGJ |

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a consumer class action complaint brought by Plaintiff Ilirijana Sade Zettel as a consumer against Defendant Service Financial Company, *assumed name for* River City Adjustment Bureau, Inc. ("SFC") seeking damages for SFC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*; for unjust enrichment; for wrongful garnishment.

2. Plaintiff Zettel also seeks a declaration judgment that KRS 454.210(3)(a)(3) is an unconstitutional violation of the fundamental due process rights of notice and opportunity to be heard.

3. Plaintiff Ilirijana Sade Zettel brings this action individually on behalf of herself and as a proposed class action on behalf of all other Kentucky consumers similarly situated for damages caused by SFC's unlawful conduct.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201, and 15 U.S.C. §1692k. Ms. Zettel asks the Court to take supplemental jurisdiction over her interrelated state-law claims under 28 U.S.C. § 1367.

5.   Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Ms. Zettel occurred within Jefferson County, Kentucky which is located within the Western District of Kentucky.

## PARTIES

6.   Plaintiff Ilirijana Sade Zettel, formerly known as Ilirijana Sade Hyseni, is a natural person who currently resides in Little Falls, Minnesota and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. §1692a(3).

7.   Defendant Service Financial Company, *assumed name for* River City Adjustment Bureau, Inc. ("SFC"), is a Kentucky corporation registered with the Kentucky Secretary of State whose principal place of business is located at 4641 Dixie Highway, Louisville, KY 40216.

8.   SFC regularly buys defaulted vehicle loans and subsequently attempts to collect the defaulted loans from Kentucky consumers. SFC routinely brings collection actions in Kentucky state courts to collect these debts. That is, SFC regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. SFC's principal purpose is to collect debts from consumers. SFC is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.   On April 10, 2014, Plaintiff Ilirijana Sade Zettel ("Zettel"), who was then known as Ilirijana Sade Hyseni and while residing in Louisville, Kentucky, purchased a 2004 Pontiac Grand Am (the "Grand Am") from Belgray Auto Sales, Inc. ("Belgray") in Louisville, Kentucky by entering into a retail installment sales contract ("RISC").

10.  Belgray financed the purchase of the Grand Am.

11.  Ms. Zettel used the Grand Am for personal, family, and/or household purposes, which makes the debt created by the RISC for the purchase of the Grand Am a "debt" within the meaning of the FDCPA.

12.  The Grand Am developed serious mechanical issues. Ms. Zettel could not afford both repairs and payments. Consequently, she defaulted on her payments.

13.  After default, Belgray assigned the RISC to SFC.

14.  On May 15, 2018, Plaintiff Service Financial Company ("SFC") filed suit against Ms. Zettel in the Jefferson District Court of Jefferson County, Kentucky under case number 18-C-

025753 (the "SFC Lawsuit") in an attempt to collect an alleged post-repossession deficiency balance due and owing pursuant to the RISC. A true and accurate copy of the complaint and exhibits from the SFC Lawsuit is filed as Exhibit "A."

15.     SFC listed Ms. Zettel's address on the complaint as 602 52nd Street E. #311, Williston, ND 58801 and attempted to serve a copy of the summons and complaint on Ms. Zettel through the Kentucky Secretary of State ("KY SOS") pursuant to Kentucky's long-arm service statute, KRS 454.210.

16.     The KY SOS was unable to effect actual service of process upon Ms. Zettel, as evidenced by the U.S. Certified Mail package sent by the KY SOS to Ms. Zettel containing the summons and complaint in the SFC Lawsuit being returned to the KY SOS "unclaimed":

> The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on
>
> May 21, 2018
>
> This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on
>
> May 21, 2018
>
> We are enclosing the undelivered letter bearing the postal mark:
>
> unclaimed

17.     A true and accurate copy of the Secretary of State's notice of its failure to serve Ms. Zettel, which was filed of record in the SFC Lawsuit on June 26, 2018, is filed as Exhibit "B."

18.     Despite being on actual notice that Ms. Zettel had not been served in the underlying action, SFC nevertheless moved for default judgment against Ms. Zettel on September 21, 2018 in the SFC Lawsuit (the "Motion for Default"). A true and accurate copy of SFC's Motion for Default Judgment is filed as Exhibit "C" and provides in relevant part:

> Comes the Plaintiff, by counsel, and moves the Court for a default judgment in the form attached hereto.
>
> The Defendant is not now, nor has been at any time during the pendency of this action, in the active military service of the United States of America.

19. SFC's Motion for Default is completely silent as to service of the summons and complaint in the SFC Lawsuit.

20. On October 3, 2018, the Jefferson District Court entered default judgment in SFC's favor in the SFC Lawsuit (the "Default Judgment"). A true and accurate copy of the Default Judgment is filed as Exhibit "D."

21. On November 20, 2018, SFC recorded a judgment lien with the Jefferson County Clerk pursuant to the Default Judgment.

22. On November 18, 2020, October 28, 2021, and January 19, 2022, SFC served wage garnishments on Ms. Zettel's employers in attempts to collect the Default Judgment.

23. SFC recovered a yet-to-be determined amount of funds from one or more of these wage garnishments.

24. Funds garnished from her pay by SFC kept Ms. Zettel from coming home to visit family and friends during Christmas.

25. Within the last twelve months, SFC has threatened to file new garnishments against Ms. Zettel to coerce her to pay the remaining judgment debt.

26. KRS 454.210(3)(a)(3) provides:

> When personal jurisdiction is authorized by this section, service of process may be made….On the Secretary of State who, for this purpose, shall be deemed to be the statutory agent of such person.

27. Applying the statutes, Kentucky Appellate Courts hold that "actual notice of [a] lawsuit is not required to effectuate service as long as it is done in compliance with the applicable statute." *HP Hotel Mgmt., Inc. v. Layne*, 536 S.W.3d 208, 214–15 (Ky.App. 2017) (citing *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606, 607 (Ky. App. 1979)).

28. KRS 454.210 and service by certified mail by the Kentucky Secretary of State is *less* calculated to apprise a party of the filing of suit than that required by Kentucky's Rules of Civil Procedure.

29. Under CR 4.01, proof of actual delivery of certified mail is required to effectuate good service. CR 4.01(1)(a) provides:

> (1) Upon the filing of the complaint (or other initiating document) the clerk shall forthwith issue the required summons and, at the direction of the initiating party, either:
>
>> (a) Place a copy of the summons and complaint (or other initiating document) to be served in an envelope, address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished by the initiating party, affix adequate postage, and place the sealed envelope in the United States mail as registered mail or certified mail return receipt requested with instructions to the delivering postal employee to deliver to the addressee only and show the address where delivered and the date of delivery. The clerk shall forthwith enter the facts of mailing on the docket and make a similar entry when the return receipt is received by him or her. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall enter that fact on the docket. The clerk shall file the return receipt or returned envelope in the record. **Service by registered mail or certified mail is complete only upon delivery of the envelope**. The return receipt shall be proof of the time, place and manner of service. To the extent that the United States postal regulations permit authorized representatives of local, state, or federal governmental offices to accept and sign for "addressee only" mail, signature by such authorized representative shall constitute service on the officer. All postage shall be advanced by the initiating party and be recoverable as costs…
>
> (bolding added)

30. Service through Kentucky's long-arm statute, KRS 454.210, is not reasonably calculated to apprise out-of-state defendants like Ms. Zettel of the pendency of a lawsuit filed against them. To the extent that KRS 454.210 permits constructive service of a summons and complaint in the face of affirmative proof of non-service of the defendant, the statute is unconstitutional and violates fundamental and basic principles of due process of law. *Arceneaux v. Davidson*, 325 F.Supp.2d 742 (S.D.Miss.2004) (noting that Mississippi courts have held that service is not complete under a similar Mississippi statute until the secretary of state mails the summons to the defendant, then the defendant must either sign a return receipt or refuse delivery); *Froland v. Yamaha Motor Co., Ltd.*, 296 F.Supp.2d 1004, 1008 (D.Minn.2003) (noting that Minnesota courts have held that service is not complete under a similar Minnesota statute until the secretary of state transmits the documents to the foreign corporation); *Delta Int'l Mach. Corp. v. Plunk*, 378 S.E.2d 704, 706 (Ga.Ct.App.1989) (construing a similar Georgia statute and finding

that service is not complete until the secretary of state does his or her duty and sends a copy to the defendant).

31. "It is well settled, however, that a statute that allows service of process on a secretary of state but does not require the secretary of state to serve the defendant violates principles of due process. *Wuchter v. Pizzutti,* 276 U.S. 13, 24–25, 48 S.Ct. 259, 72 L.Ed. 446 (1928) (holding a state statute that allows a defendant to be served by serving the secretary of state as the defendant's agent, without more, violates due process); *Rose v. K.K. Masutoku Toy Factory Co.,* 597 F.2d 215, 219 (10th Cir.1979) (same)." *Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559, 565 (D. Kan. 2004).

32. Failure to serve a summons and complaint on a defendant renders any resulting judgment void *ab initio.*

## CLAIMS FOR RELIEF

**I.    Declaratory Relief**

33. Plaintiff Ilirijana Sade Zettel requests that the Court declare KRS 454.210(3)(a)(3) unconstitutional to the extent that it allows for a defendant to be deemed served with process upon service of a summons and complaint upon the Kentucky Secretary of State when the Kentucky Secretary of State's attempted actual service of the summons and complaint upon the defendant is returned unclaimed.

34. Pursuant to Fed. R. Civ. P. 5.1(a)(2) and KRS 418.075, Plaintiff is contemporaneously serving a copy of the summons and complaint filed in this action on the Kentucky Attorney General.

**II.    Violations of the FDCPA**

35. The foregoing acts and omissions of Defendant Service Financial Company, *assumed name for* River City Adjustment Bureau, Inc. ("SFC"), violate the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. SFC's violations of the FDCPA include, but are not limited to, the following:

   **i.**    Garnishing Plaintiff's wages based on a void judgment in violation of 15 U.S.C. §1692e and 15 U.S.C. §1692f and one or more subsections of each statute.

   **ii.**   Threatening to garnish Plaintiff's wages based on a void judgment and threatening to enforce and otherwise collect a void judgment from her in violation of 15 U.S.C. §1692e and 15 U.S.C. §1692f and one or more subsections of each statute.

**III.    Unjust Enrichment**

36.    The foregoing acts and omissions of Defendant Service Financial Company, *assumed name for* River City Adjustment Bureau, Inc. ("SFC"), constitute unjust enrichment under Kentucky law.

37.    "For a party to prevail under the theory of unjust enrichment, they must prove three elements: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009).

38.    SFC benefitted from the funds it garnished from Ms. Zettel's pay by means of the wage ganishments it filed and served pursuant to the Default Judgment.

39.    SFC appreciated the garnished funds; indeed, suing to collect defaulted vehicle loans such as the RISC is SFC's principal purpose and business.

40.    It is inequitable for SFC to retain funds that it received pursuant to garnishments served pursuant to a void judgment.

**IV.    Wrongful Garnishment**

41.    The foregoing acts and omissions of Defendant Service Financial Company, *assumed name for* River City Adjustment Bureau, Inc. ("SFC"), constitute wrongful garnishment under Kentucky law.

42.    Kentucky provides both a common-law right of action and a statutory cause of action for wrongful violation, KRS 411.080. *See Kentucky Farm Bureau Mut. Ins. Co. v. Burton*, 922 S.W.2d 385, 388 (Ky.App. 1996).

43.    SFC served wage garnishments on one or more of Ms. Zettel's employers pursuant to the void *ab initio* Default Judgment.

44.    SFC received a yet-to-be-determined amount from these garnishments.

45.    The wage garnishments were based on a void judgment, which makes the garnishments wrongful.

## CLASS ALLEGATIONS

46. Plaintiff incorporates all paragraphs pleaded *supra* as if fully set out in these Class Allegations.

47. Plaintiff Ilirijana Sade Zettel ("Zettel") brings her claims alleged in this action against Defendant Service Financial Company, *assumed name for* River City Adjustment Bureau, Inc. ("SFC") as a proposed class action on behalf of all persons similarly situated to Plaintiff comprised of the following persons:

**CLASSES:**

    **Class 1:**    **Unjust Enrichment**

Class 1 consists of all persons who:

**A.** SFC sued to collect a defaulted debt in a District or Circuit Court of the Commonwealth of Kentucky;

**B.** Lived and/or resided outside of the Commonwealth of Kentucky when or sometime after SFC filed the collection action against them;

**C.** SFC effectuated service of process upon through the Kentucky Secretary of State via KRS 454.210(3)(a)(3);

**D.** The Kentucky Secretary of State ("KY SOS") attempted to serve via actual service of the summons and complaint, but the KY SOS notified the court that the U.S. Postal Service returned the Certified Mail package containing the summons and complaint mailed to the person to the KY SOS unclaimed;

**E.** SFC moved for and was granted a default judgment against based on service under KRS 454.210(3)(a)(3);

**AND**

**F.** SFC recovered any funds from under the default judgment thus obtained, whether through garnishment or other manner of payment.

    **Class 2:**    **Wrongful Garnishment**

Class 2 consists of all persons who:

     **A.**    SFC sued to collect a defaulted debt in a District or Circuit Court of the Commonwealth of Kentucky;

     **B.**    Lived and/or resided outside of the Commonwealth of Kentucky when or sometime after SFC filed the collection action against them;

     **C.**    SFC effectuated service of process upon through the Kentucky Secretary of State via KRS 454.210(3)(a)(3);

     **D.**    The Kentucky Secretary of State ("KY SOS") attempted to serve via actual service of the summons and complaint, but the KY SOS notified the court that the U.S. Postal Service returned the Certified Mail package containing the summons and complaint mailed to the person to the KY SOS unclaimed;

     **E.**    SFC moved for and was granted a default judgment against based on service under KRS 454.210(3)(a)(3);

**AND**

     **F.**    SFC recovered any funds from under the default judgment thus obtained through garnishment.

     **Class 3:**    **Violations of the FDCPA**

Class 3 consists of all "consumers" within the meaning of the FDCPA, 15 U.S.C. §1692a(3), who:

     **A.**    SFC sued to collect a defaulted "debt" within the meaning of the FDCPA in a District or Circuit Court of the Commonwealth of Kentucky;

     **B.**    Lived and/or resided outside of the Commonwealth of Kentucky when or sometime after SFC filed the collection action against them;

     **C.**    SFC effectuated service of process upon through the Kentucky Secretary of State via KRS 454.210(3)(a)(3);

     **D.**    The Kentucky Secretary of State ("KY SOS") attempted to serve via actual service of the summons and complaint, but the KY SOS notified the court that the U.S. Postal Service returned the Certified Mail package containing the summons and complaint mailed to the person to the KY SOS unclaimed;

      **E.**    SFC moved for and was granted a default judgment against based on service under KRS 454.210(3)(a)(3);

**AND**

      **F.**    Within one year of the filing of this Complaint, SFC

      **i.**    Filed and served a garnishment upon a bank or employer in connection with the default judgment thus obtained;

      **ii.**    Recorded a notice of judgment lien in connection with the default judgment thus obtained;

      **iii.**    Received any payments or funds from the consumer in connection with the default judgment thus obtained;

**OR**

      **iv.**    SFC threatened or attempted to collect on the default judgment thus obtained in any means or manner.

48.    All the proposed Classes as set out *supra* and represented by Ilirijana Sade Zettel in this action, of which Classes she herself is a member, consists of those persons as defined and which members of the proposed Classes are so numerous that joinder as parties of individual members is impracticable.

49.    Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra*.

50.    There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entire proposed class because all members of the proposed Classes have the same issues of law in common as alleged *supra* for each Count of this action.

51.    There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

52.    Plaintiff is the representative party for the proposed Classes, able to and will, fairly and adequately protect the interest of each of the proposed Classes.

53.    Plaintiff's attorneys are experienced and capable in the field of consumer rights,

including FDCPA violations.

54. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

55. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

56. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for the Defendant.

57. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

58. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant.

59. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ilirijana Sade Zettel requests that the Court grant her the following relief:

1. Award Plaintiff and all members of the proposed Classes their actual damages;

2. Award Plaintiff and all members of Class 3 maximum statutory damages under the FDCPA;

3. Award punitive damages against SFC to Plaintiff and the members of Class 2;

4. Award Plaintiff and the members of each of the three Classes attorney's fees, litigation expenses and costs;

5. A trial by jury; and

6. Any other relief to which Plaintiff and the three Classes may be entitled.

Submitted by:

/s/ James Hays Lawson
James Hays Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@lawsonatlaw.com
*Counsel for Plaintiff*
*Ilirijana Sade Zettel*

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
jmckenzie@jmckenzielaw.com
*Counsel for Plaintiff*
*Ilirijana Sade Zettel*