UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ILIRIJANA SADE ZETTEL                                                                        Plaintiff

v.                                                                              Civil Action No. 3:23-cv-116-RGJ

SERVICE FINANCIAL CO.                                                                     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This case was dismissed with prejudice and judgment was entered in favor of Defendant Service Financial Co. ("SFC"). [DE 14, Order; DE 15, Judgment].  Plaintiff Ilirijana Sade Zettel ("Zettel") moves the Court to reconsider its Order under Rule 59.  [DE 16].  The motion is ripe. [DE 18].  For the reasons below, Zettel's motion is **DENIED**.

**BACKGROUND**

The background of this case has previously been set forth in the Court's Order granting SFC's motion to dismiss and is incorporated herein.  [DE 14].  Zettel originally asserted claims on behalf of herself and classes of other similarly situated individuals, against SFC for violating the Fair Debt Collection Practices Act ("FDCPA"), unjust enrichment, wrongful garnishment, and a declaratory judgment stating that the Kentucky long arm statute is unconstitutional.  [DE 1 at 6–11].  She also sought to amend her original complaint to add a § 1983 claim challenging the constitutionality of the Kentucky garnishment statute.  [DE 9].

The Court denied Zettel's motion to amend the complaint for futility, holding that the § 1983 claim would not survive a motion to dismiss.  *Zettel v. Serv. Fin. Co.*, No. 3:23-CV-116-RGJ, 2024 WL 329955, at *5 (W.D. Ky. Jan. 29, 2024).  The FDCPA, unjust enrichment, and wrongful garnishment claims were also dismissed under *Rooker-Feldman*.  *Id*. at *6–7.  Finally,

1

Zettel's only remaining claim, a request for declaratory relief, was dismissed for lack of standing. *Id*. at *9. Zettel's present motion to reconsider concerns this final claim. [DE 16 at 190].

## STANDARD

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted)."It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). When a party views the law in a light contrary to that of this Court, its proper recourse is not a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *United States v. Smith*, Case No. 3:08-cr-31-JMH, 2012 WL 1802554, *1 (E.D. Ky. May 2012) (quoting *Roger Miller Music*, 477 F.3d at 395.

For these reasons, the Sixth Circuit instructs that a motion for reconsideration should be granted in only four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-

171, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

## ANALYSIS

Zettel's motion alleges that the Court erred in dismissing her claim for declaratory relief for lack of standing. First, she argues that the Court should not have decided the issue *sua sponte* without briefing from the parties. [DE 16 at 190]. It is true that the parties did not address standing in their briefing. However, federal courts have an independent "duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Liu v. Runyan*, 46 F. App'x 253 at *1 (6th Cir. 2002) (affirming (1) district court's dismissal of plaintiff's claims for lack of subject matter jurisdiction, and (2) denial of plaintiff's motion to reconsider). Further, courts need not always give parties notice and opportunity to respond before *sua sponte* dismissing a claim for lack of subject matter jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction. . .when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.") (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

In this case, Zettel's only remaining claim sought a declaratory judgment. The Court held that Zettel lacked standing to bring the claim because the complaint did not allege a "significant possibility of future harm." *Zettel*, 2024 WL 329955, at *8 (quoting *Fieger v. Michigan Supreme*

*Ct.*, 553 F.3d 955, 962 (6th Cir. 2009) (internal citation omitted)).[1] Zettel asserts the default judgment is itself an ongoing harm because (1) it negatively affects Zettel's ability to obtain credit, and (2) SFC continues to garnish Zettel's wages under the judgment. [DE 16 at 193–95]. This is the exact argument that the Court rejected previously. *See Zettel*, 2024 WL 329955, at *9.

Zettel has again confused her challenge to the Kentucky long arm statute for one challenging the underlying state judgment. The Court previously noted that *Rooker-Feldman* would clearly bar a claim that the state court judgment violated Zettel's due process rights. *Id*. at *7. To base standing for Zettel's declaratory judgment claim on injury caused by the underlying state judgment would transform it into a challenge of the state judgment. *See Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022) (holding "standing to seek one form of relief does not create standing to seek another form" and "standing to bring one claim does not create standing to bring another one"). Stated another way, there is a "mismatch" between Zettel's "past injury and her present claim." *Id*. at 172.

Zettel's constitutional claim for declaration of rights asserts that SFC's service under Kentucky law violated her due process rights. To establish standing for this claim Zettel would need to show she "will once again face service of process under the Kentucky long-arm statute." *Zettel*, 2024 WL 329955, at *9; *see also Fieger*, 553 F.3d at 962. For the reasons previously articulated, she has failed to do so. *Id*. at *8–9.

---

[1] Because the claim was dismissed on standing grounds the Court did not have to apply the "Grand Trunk factors" to determine whether to exercise jurisdiction over Zettel's claim for declaratory relief. *See Grand Trunk W.R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (listing factors). Even if Zettel were able to establish standing to bring the claim the Court would question whether it should exercise jurisdiction considering her injury would not be remedied by the action. *Id*. (the first of the factors to consider is "whether the declaratory action would settle the controversy" and the fifth factor asks "whether there is an alternative remedy which is better or more effective.").

Because Zettel has raised no new issues that were not already raised or could have been raised, no clear error of law, no newly discovered evidence, or intervening change in controlling law, or otherwise a need to prevent manifest injustice, the motion to reconsider is **DENIED**. *See Leisure Caviar*, 616 F.3d at 615.

## CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS AS FOLLOWS**:

(1) Zettel's motion for reconsideration [DE 16] is **DENIED**.

April 22, 2024

Rebecca Grady Jennings, District Judge
United States District Court

5